IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARNELL DOSS                          :    CIVIL ACTION
                                      :
        v.                            :
                                      :
LANCASTER CITY BUREAU OF POLICE, et al.:    NO. 11-0178

M E M O R A N D U M

GOLDBERG, J.                          JUNE    22nd    , 2011

Plaintiff, an inmate, has filed a pro se 42 U.S.C. § 1983
civil rights action against the Lancaster City Bureau of Police,
a police detective, the Lancaster County District Attorney's
Office, two assistant district attorneys, the Lancaster County
Public Defender's Office, a public defender, three private
attorneys, the Lancaster County Magistrate District Court and the
Lancaster County Court of Common Pleas. He is alleging that he
is a victim of a malicious prosecution.

For the following reasons, all of plaintiff's claims, except
the claims against the Lancaster City Bureau of Police and
Sergeant/Detective John Burkhart, will be dismissed pursuant to
28 U.S.C. § 1915(e).

A.    Prosecutorial Immunity

The Supreme Court has held that prosecutors enjoy absolute
immunity from liability for money damages under § 1983 for any
actions taken within the scope of their duties as prosecutors.
Imbler v. Pachtman, 424 U.S. 409, 431 (1976). There is nothing
in this complaint that suggests that the Lancaster County
District Attorney's Office, Assistant District Attorney Karen
Mansfield or Assistant District Attorney Christopher Larsen acted

outside the scope of their prosecutorial duties.  Therefore, the
claims against them will be dismissed.

**B.  Defense Attorneys**

In order to bring suit under 42 U.S.C. § 1983, plaintiff
must allege that a person acting under color of state law
deprived him of his constitutional rights.  <u>West v. Atkins</u>, 487
U.S. 42 (1988).  A defense attorney, whether court-appointed or
privately retained, represents only his client, and not the
state, and cannot be sued under § 1983.  <u>Polk County v. Dodson</u>,
454 U.S. 312 (1981).  Therefore, the Lancaster County Public
Defender's Office, Public Defender Peter Kinsley, Attorney Mark
Walmer, Attorney Barry Goldman, and Attorney Douglas Cody may not
be sued in this action, and plaintiff's claims against them must
be dismissed.  Although plaintiff alleges that these defendants
were involved in a conspiracy with the other defendants, these
bald assertions are insufficient to support a conspiracy based
claim against these defendants in this action.  <u>See</u> <u>Young v.
Kann</u>, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims
may be dismissed as legally frivolous where claims are not based
on fact, but rather on plaintiff's suspicion and speculation).

**C.  Eleventh Amendment Immunity**

The Lancaster County Court of Common Pleas and the Lancaster
County Magistrate District Court, as state entities, are
entitled to Eleventh Amendment immunity.  <u>See</u> <u>Benn v. First
Judicial Dist. Of Pa.</u>, 426 F.3d 233 (3d Cir. 2005).  Therefore,
the claims against these defendants will also be dismissed.